# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

IN RE:

William R. Richards,
Deborah R. Richards,

CHAPTER 13
CASE NO. 18-54098-PJS
JUDGE PHILLIP J. SHEFFERLY

DEBTORS.

_____/

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1. Debtors' Plan proposes direct payments to the Michigan Department of Treasury. The obligation owed to the Michigan Department of Treasury is an unsecured claim. Debtor's proposed direct payment of this claim violates Local Bankruptcy Rule 3070-1 and 11 U.S.C. Section 1326(c).

2. Class 6.1 of Debtor's Chapter 13 Plan purports to assume an executory contract with the Michigan Department of Treasury. An executory contract is one where one some performance is due by both parties such that a failure to perform by either party constitutes a breach of the agreement. The agreement between Debtor and Michigan Department of Treasury is not executory as the Michigan Department of Treasury has no obligations under the agreement other than to accept payments. Accordingly, Debtor's proposed assumption of this agreement violates 11 U.S.C. Section 365 and 11 U.S.C. Section 1325.

3. The Plan does not provide that 100% of profit sharing funds and/or bonuses received or entitled to be received by Debtors since commencement of Debtors' case be remitted to the Trustee for distribution among creditors as required by 11 U.S.C. Section 1325(b) and *In re Freeman*, 86 F.3d 478 (6th Cir., 1996).

4. Debtor-husband's Schedule I discloses a contribution for Debtor's retirement in the amount of $752.79 per month as a voluntary contribution. To the extent that these contributions are not mandatory, the contributions are not reasonably necessary pursuant to 11 U.S.C. Section 1325(b). *See Seafort v. Burden,* 669 F.3d. 662 (6th Cir. 2012) (voluntary contributions are not reasonably and necessary expenses and are not deductible in determining disposable income); *In re Rogers* 12-32558 (Bankr. E.D. Mi 2012) (Debtors cannot exclude voluntary post-petition retirement contributions in calculating disposable income).

5. Debtor-wife's Schedule I discloses a contribution for Debtor-wife's retirement in the amount of $215.43 per month as a voluntary contribution. To the extent that these contributions are not mandatory, the contributions are not reasonably necessary pursuant to 11 U.S.C. Section 1325(b). *See Seafort v. Burden,* 669 F.3d. 662 (6th Cir. 2012) (voluntary contributions are not reasonably and necessary expenses and are not deductible in determining disposable income); *In re Rogers* 12-32558 (Bankr. E.D. Mi 2012) (Debtors cannot exclude voluntary post-petition retirement contributions in calculating disposable income).

6. The Plan does not increase its funding upon the termination of the obligation of Debtor-husband's two 401(k) loans pursuant to 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

7. Based upon an average of Debtor-husband's pay stubs dated August 23, 2018, September 6, 2018 and September 20, 2018, provided prior to the First Meeting of Creditors, Debtor's gross income was in the average amount of $12,812.09, which constitutes monthly net income in the average amount of $7,683.40. As Debtors' Schedule I understates Debtor's monthly net income by approximately $2,485.00, Debtors' Plan does not comply with 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

8. The Plan does not increase its funding upon the termination of the obligation to Chase Auto Finance pursuant to 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

9. The Plan does not increase its funding upon the termination of the obligation to Community Choice Credit Union pursuant to 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of Debtors' Chapter 13 Plan unless modified to meet these objections.

                                        OFFICE OF DAVID WM. RUSKIN,
                                        STANDING CHAPTER 13 TRUSTEE

Dated:    November 29, 2018        By: /s/ Thomas D. DeCarlo
                                          LISA K. MULLEN (P55478)
                                          THOMAS D. DECARLO (P65330)
                                          Attorneys for Chapter 13 Trustee,
                                              David Wm. Ruskin
                                          1100 Travelers Tower
                                          26555 Evergreen Road
                                          Southfield, MI 48076-4251
                                          Telephone (248) 352-7755

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

**IN RE:**

William R. Richards,
Deborah R. Richards,
        DEBTORS.
_____/

CHAPTER 13
CASE NO. 18-54098-PJS
JUDGE PHILLIP J. SHEFFERLY

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

  I hereby certify that on November 29, 2018, I electronically filed the Trustee's Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

  ACCLAIM LEGAL SERVICES PLLC
  8900 E 13 MILE RD
  WARREN, MI 48093-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

  William R. Richards
  Deborah R. Richards
  291 Victorian Ln.
  Belleville, MI 48111-0000

      _____/s/ Vanessa Wild_____
      Vanessa Wild
      For the Office of David Wm. Ruskin
      Chapter 13 Standing Trustee - Detroit
      1100 Travelers Tower
      26555 Evergreen Road
      Southfield, MI 48076-4251
      (248) 352-7755